EDWARD C. HARLAND v. WIRT ADAMS, STATE REVENUE AGT.

DRAMSHOPS. *Hoppenweis. Hop tea. White hops. Code* 1892, *chapter* 37. *Laws* 1896, *chapter* 35, *p.* 39, *and section* 2, *p.* 50.

Chapter 35, laws 1896, excepted hoppenweis, hop tea and white hops from the operation of the dramshop chapter of the code of 1892.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

Adams, state revenue agent, appellee, was plaintiff in the court below, and he began the action by attachment against Harland, appellant, to collect the penalties prescribed by § 1590, code of 1892, for the unlawful sale of liquors, and judgment was rendered against Harland. Harland claimed, by way of defense, that he was protected by the act of 1896, which permitted hoppenweis, hop tea and white hops sold, upon the party obtaining a privilege license and paying a privilege tax of $25 as provided by the act of 1896, with which he showed a compliance.

*Baker & Moody*, for appellant.

Does the act of 1896 so far as concerns the particular class of non-intoxicating malt liquors known as hoppenweis, repeal that part of ch. 37, code of 1892, which requires the applicant to first get up a petition and have license granted him by the municipal authorities of the town in which the same are to be sold? It is perfectly clear that so far as the amount to be paid is concerned, it does repeal that chapter, for the act of

1896 is entirely repugnant to the code.    In one case the amount is fixed at $2,500, while in the other it has to be fixed by the municipal authorities, not less than $600.

" It is a well-settled rule of construction that a subsequent statute, although not repugnant in all its provisions to a prior one, if clearly intended to prescribe the only rule that shall govern in the case provided for by it, repeals the original statute."    *Gibbons* v. *Brittenum,* 56 Miss., 232.

No counsel appeared for the appellee.

Whitfield, J., delivered the opinion of the court.

The sales of hoppenweis, hop tea, and white hops, in this case, were made in 1896, after the passage of the act of 1896, ch. 35, went into effect.    The provisions of that act touching such sales (see p. 39 and § 2, p. 50), must be read as written into the body of § 1574 of the code of 1892, and so written in, they excepted those articles from the operation of the provisions of ch. 37 of the code of 1892, and left them, and the license for their sale to be dealt with under the said act of 1896.

It follows from this, that the judgment must be reversed and the suit dismissed.